**Vincent LASORSA and Marjorie Lasorsa, Plaintiffs,**

v.

**AMERIQUEST MORTGAGE CO. and BLS Funding Corp., Defendants.**

**Civil Action No. 06–944.**

United States District Court,
E.D. Pennsylvania.

Dec. 28, 2006.

Matthew B. Weisberg, Prochniak Poet & Weisberg P.C., Morton, PA, for Plaintiffs.

Kimberly M. Frascella, Marks O'Neill O'Brien & Courtney, Philadelphia, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the Court is the Motion for Reconsideration of BLS Funding Corp. ("BLS") regarding the Court's September 18, 2006 Order (doc. no. 42).

On September 18, 2006, the Court granted Plaintiffs' Motion for Reconsideration and/or Stay of Order of July 28, 2006 Granting Defendant BLS's Motion for Sanctions (doc. no. 37).[1] On September 22, 2006, BLS filed the instant motion for reconsideration.

BLS' train of logic in support of its motion is as follows. BLS complied with Rule 11's safe harbor requirement when it served its proposed Motion for Sanctions on Plaintiffs on May 25, 2006, and then waited to file its Motion for Sanctions twenty-five (25) days

---

1. The Court explained its decision as following: In its earlier Order of July 28, 2006, this Court concluded that the letter that defendant BLS Funding Corp. sent to plaintiffs on April 7, 2006 began the 21–day safe harbor period required for sanctions under Federal Rule of Civil Procedure

later on June 21, 2006. BLS believes that, in making its determination regarding the September 18, 2006 Order, "the Court did not consider whether BLS Funding complied with the safe harbor requirement of Rule 11." Therefore, BLS concludes, the Court should reinstate sanctions against Plaintiffs.

The flaw in BLS' logic is that it forgets the essential purpose of Rule 11's creating a 21–day safe-harbor, which is to offer the opposing party a chance to withdraw "the challenged paper, claim, defense, contention, allegation, or denial." Fed.R.Civ.P. 11(c)(1)(A). Although BLS complied with the safe-harbor period by waiting twenty-five days before filing its Motion for Sanctions, Plaintiffs' had, by that point, already withdrawn the claims in their complaint that were frivolous or not warranted by existing law. Specifically, on June 7, 2006, Plaintiffs filed a Response to BLS' Motion for Judgment on the Pleadings (doc. no. 25) in which they unequivocally stipulated to drop Counts I—III, V, VI, and VIII of their Complaint.[2] This Response came just twelve (12) days after BLS had served Plaintiffs with the proposed Motion for Sanctions that triggered the 21–day safe harbor period.[3] Effectively, this proposed motion served its purpose—i.e., plaintiffs withdrew the offending counts of their Complaint.

Thus, BLS' Motion for Reconsideration regarding the Court's September 18, 2006 Order will be denied.

An appropriate order will be entered.

11. That conclusion was legally incorrect given that Rule 11 requires service of a "motion" to trigger the safe harbor period. *See* Fed.R.C.P. § 11(c)(1)(A) (a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion" the challenged claim is not withdrawn) (emphasis added). Given that the Court applied an incorrect legal principle, reconsideration is warranted. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) ("The purpose of a motion For reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

2. Plaintiffs stated in their Response to BLS' Motion for Judgment on the Pleadings that:
Plaintiffs Stipulate to withdraw the following counts:
I.—Negligence;
II.—TILA;
III.—HOEPA;

**ORDER**

**AND NOW,** this **28th** day of **December, 2006,** it is hereby **ORDERED** that Defendant BLS Funding Corp.'s Motion for Reconsideration regarding the Court's September 18, 2006 Order (doc. no. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (43) is **DENIED AS MOOT.**[4]

**AND IT IS SO ORDERED.**

V.—ECOA;
VI.—FRAUD; and
VIII. FCEUA.
Pl.'s Resp. to BLS' Mot. for Jdgt. on Pl'gs at 2 (doc. no. 25).

3. Of course, if BLS' April 7, 2006 letter triggered the 21–day safe harbor period, which it did not, then Plaintiffs' formal withdrawal of their claims on June 7, 2006 would have occurred after 61 days, well outside of the safe harbor period and warranting sanctions.

4. On September 30, 2006, the LaSorsas filed a Motion to Strike BLS' Motion for Reconsideration (doc. no. 42), characterizing BLS's Motion for Reconsideration as essentially an untimely response to Plaintiffs' Motion for Reconsideration. Because the Court has denied BLS' Motion for Reconsideration, than Plaintiffs' motion to strike it is dismissed as moot.